**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**BRIAN O. CLICK,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0128** (BOR Appeal No. 2055660)
(Claim No. 2020013172)

**ARCELORMITTAL USA,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Brian O. Click, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Arcelormittal USA, by Counsel Jeffrey B. Brannon, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on February 12, 2020. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its August 13, 2020, Order and held the claim compensable for left knee sprain. The Order was affirmed by the Board of Review on January 22, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

> . . . .

> (e) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by

1

the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Click, a coal miner, injured his left knee while shoveling coal at work on November 19, 2019. He was transported via ambulance to Welch Community Hospital where he reported that he was shoveling coal at work when he twisted his knee. An x-ray showed lateral tibial plateau deformity, tricompartmental joint space narrowing, and moderate degenerative joint disease. Mr. Click was diagnosed with left knee contusion.

The Employees' and Physicians' Report of Injury indicates Mr. Click injured his left knee while shoveling coal. The physician's section listed the injury as a left knee contusion and stated that Mr. Click could return to full duty work. An Incident Investigation Report completed by the employer indicates Mr. Click was injured that day while shoveling coal on his knees. Mr. Click attempted to reposition himself and felt a pop in his left knee. Mr. Click was transported to the emergency room. The employer did not question the injury.

Mr. Click sought treatment from David Eells, M.D., on November 25, 2019, because he was unable to bear weight on his left knee. A referral to orthopedics was made. The claims administrator approved the referral to orthopedics on December 13, 2019. On December 17, 2019, Robert Kropac, M.D., noted that Mr. Click's left knee was asymptomatic prior to the work injury. On examination, Mr. Click's left knee range of motion was normal. X-rays showed some degenerative changes in the lateral joint compartment with osteophytic spurring. Dr. Kropac diagnosed left knee sprain and recommended an MRI to rule out internal derangement or a medial meniscus tear. Mr. Click was unable to work until January 17, 2020.

The claims administrator approved a left knee MRI on December 30, 2019. The MRI was performed on January 7, 2020, and showed a tear of the posterior horn of the medial meniscus, meniscal degeneration, posterior cruciate ligament degeneration, and osteoarthritis. It was noted that the findings were chronic. Mr. Click returned to Dr. Kropac on January 21, 2020. Dr. Kropac diagnosed medial meniscus tear due to the November 19, 2019, work injury. He released Mr. Click to return to modified duty and referred him to an orthopedic surgeon.

Jonathan Luchs performed an Age of Injury Analysis on February 11, 2020, in which he opined that the MRI findings of posterior cruciate ligament and anterior cruciate ligament degeneration were chronic. Dr. Luchs stated that the posterior medial meniscus tear was chronic

and noted that there was remodeling and scarring around the meniscal tissue. Dr. Luchs also opined that the MRI showed osteoarthritis and chronic meniscal degeneration. The claims administrator rejected the claim on February 12, 2020.

Mr. Click testified in a May 6, 2020, deposition that at the time of his injury, he was on his knees shoveling coal. When he got up, he twisted his knee and heard a popping sound. Mr. Click stated that there were no witnesses to his injury. Mr. Click denied any left knee injuries or symptoms prior to the work injury.

The Office of Judges reversed the claims administrator's rejection of the claim and held the claim compensable for left knee sprain in its August 13, 2020, Order. It found that the medical evidence consistently stated that Mr. Click twisted his left knee while shoveling coal. Mr. Click experienced immediate pain and was transported to the hospital via ambulance. The Office of Judges concluded Mr. Click proved by a preponderance of the evidence that he sustained a discrete new injury in the course of and resulting from his employment. Regarding the compensable condition, the Office of Judges found that Mr. Click was initially diagnosed with a left knee sprain. An MRI was performed, and it revealed a medial meniscus tear, medial meniscus degeneration, posterior cruciate ligament degeneration, and osteoarthritis. The radiologist stated that the findings were all chronic, including the medial meniscus tear. The MRI was reviewed by Dr. Luchs, and he also found that the findings were chronic. The Office of Judges concluded that while Mr. Click may have a meniscus tear in his left knee, such tear was chronic in nature and not the result of the compensable injury. The Office of Judges found that Mr. Click sustained a left knee sprain as a result of the compensable injury and therefore, held the claim compensable only for left knee sprain. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 22, 2021.

On appeal, Mr. Click argues that the claim should also be held compensable for left knee meniscus tear. He asserts that prior to the injury, he had no left knee issues or treatment, and he was able to perform all of his job duties without difficulty.

After review, we reverse and remand the case for further development of the evidentiary record and analysis under *Moore v. ICG Tygart Valley, Inc.*, No. 20-0028, ___ W. Va. ___, ___ S.E.2d ___, 2022 WL 1262269 (W. Va.  Apr. 28, 2022). A preponderance of the evidence indicates Mr. Click sustained a left knee sprain in the course of his employment. The evidence also indicates that Mr. Click has a left knee medial meniscus tear. In Syllabus Point 5 of *Moore*, this Court stated that

> [a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

3

It must be determined if Mr. Click's preexisting left knee medical meniscus tear was asymptomatic prior to the compensable injury.

Since the initial rulings in this case, the review process for worker's compensation claims has changed. West Virginia Code § 23-5-8a(a) provides that

> [t]he Workers' Compensation Office of Administrative Law Judges, referred to as the Office of Judges, shall terminate on or before October 1, 2022, as provided in §23-5-8b of this code. All powers and duties of the Office of Judges to review objections, protests, or any other matter authorized by this chapter, shall be transferred to the Workers' Compensation Board of Review on July 1, 2022: *Provided*, That any objection or other matter filed pursuant to this chapter and pending before the Office of Judges upon its termination, in which a final decision has not been issued, shall also be transferred to the Workers' Compensation Board of Review as provided in §23-5-8b of this code.

We therefore reverse and remand the case to the Board of Review for further development of the evidentiary record and analysis under *Moore.*

Reversed and Remanded with Directions.

**ISSUED: October 18, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn